Steven T. Lowe SBN 122208
*steven@lowelaw.com*
Kris S. LeFan SBN 278611
*kris@lowelaw.com*
Lowe | LeFan
8383 Wilshire Blvd., Suite 1038
Beverly Hills, CA 90211
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Hao Ni (*pro hac vice* to be submitted)
*hni@nilawfirm.com*
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiff*
*Hypermedia Navigation LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **HYPERMEDIA NAVIGATION LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FACEBOOK, INC.,**<br><br>Defendant. | Case No. 4:17-cv-5383<br><br>**ORIGINAL COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Hypermedia Navigation LLC ("Hypermedia") makes the following allegations against Facebook, Inc. ("Defendant"):

## PARTIES

1. Hypermedia Navigation LLC is a Texas limited liability company with a principle place of business located at 5068 W. Plano Parkway, Suite 300, Plano, TX 75093.

2. Facebook, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 1601 Willow Road, Menlo Park, CA 94025. Defendant may be served with process through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). Defendant has a regular place of business in this district at 1601 Willow Road, Menlo Park, CA 94025, and has committed acts of patent infringement in this district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this district.

**INTRADISTRICT ASSIGNMENT**

6.      Pursuant to Civil L-R 3-2(c), assignment to any Division within the Northern District of California is appropriate because this is an Intellectual Property Action.

**THE ASSERTED PATENTS**

7.      The Hypermedia Patents disclose the solution to a problem created by internet web navigation which lacked linear navigation for media elements such as television shows, movies, radio programs, concert viewings, which were increasingly unorganized with virtually unlimited number of choices, for example, searching for a content on the search term "President" in December 1998 on www.Facebook.com would yield non-linear results.

8.      In 1998, one of the major search engine, Yahoo!'s search engine provided this simple categorical home page with no media content navigation.



9. Search results through browsers were lists of links with no linear navigation for media elements such as videos, images, and/or audio files or websites, for example, a search result for president would look like this in 1999:



10. The Hypermedia patents solved this problem by creating a linear navigation resource program to navigate media elements by pulling multiple media elements from multiple hypermedia resources from multiple remote information nodes and provides them to the subscriber station through an interface which provides presentation of a media element and a linear navigation through a path of additional media elements.

11. On June 3, 2008, United States Patent No. 7,383,323 (the "'323 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '323 patent is attached hereto as Exhibit A.

12. On June 3, 2008, United States Patent No. 7,383,324 (the "'324 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '324 patent is attached hereto as Exhibit B.

13. On September 9, 2008, United States Patent No. 7,424,523 (the "'523 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '523 patent is attached hereto as Exhibit C.

14. On January 13, 2009, United States Patent No. 7,478,144 (the "'144 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '144 patent is attached hereto as Exhibit D.

15. On August 3, 2010, United States Patent No. 7,769,830 (the "'830 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '830 patent is attached hereto as Exhibit E.

16. On August 21, 2012, United States Patent No. 8,250,173 (the "'173 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '173 patent is attached hereto as Exhibit F.

17. On July 14, 2015, United States Patent No. 9,083,672 (the "'672 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "System

and Method for Creating and Navigating a Linear Hypermedia Resource Program." A true and correct copy of the '672 patent is attached hereto as Exhibit G.

18. The '323 Patent, the '324 Patent, the '523 Patent, the '144 Patent, the '830 Patent, the '173 Patent, and the '672 Patent are collectively referred to as the "Asserted Patents."

19. Hypermedia is the owner of the Asserted Patents with all rights in and to the Asserted Patents.

20. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287 with regards to the Asserted Patents, Hypermedia has complied with such requirements.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,383,323

21. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, Facebook video search (the "Accused Instrumentality") that infringes claims 10 and 11 of the '323 patent.

22. Upon information and belief, Defendant has been and is now infringing claims 10 and 11 of the '323 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '323 Patent to the injury of Hypermedia. Defendant is directly infringing, literally infringing, and/or infringing the '323 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '323 Patent pursuant to 35 U.S.C. § 271(a).

23. The Accused Instrumentality infringes claim 10 of the '323 Patent as it performs a method for presenting video media elements to a subscriber station by receiving request from the subscriber station to present at least one video element to the subscriber (*e.g.* Facebook receives a request from a user for presenting video media elements results); selecting a plurality of video media

elements for presentation the subscriber station (*e.g.* Facebook video search selects a plurality of video elements); creating a file for use by the subscriber station to create a user interface (*e.g.* Facebook video search presents a viewing area of a user selected video); and transmitting the file to the subscriber station. *See* Ex. A-1, Figs. 1-8.

24. The Accused Instrumentality infringes claim 11 of the '323 Patent as it performs the method of claim 10 and receives the request from the subscriber station includes receiving a search criteria and selecting the plurality of video media elements includes selecting the plurality of video media elements based upon the search criteria (*e.g.* Facebook selects videos based on search terms). *See* Ex. A-1, Figs. 1-8.

25. As a result of Defendant's infringement of the '323 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,383,324**

26. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentality) that infringe claims 1, 2, and 4 of the '324 patent.

27. Upon information and belief, Defendant has been and is now infringing claims 1, 2, and 4 of the '324 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '324 Patent to the injury of Hypermedia. Defendant is directly infringing, literally infringing, and/or infringing the '324

Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '324 Patent pursuant to 35 U.S.C. § 271(a).

28.     The Accused Instrumentality infringes claim 1 of the '324 Patent as it performs a method for presenting video media elements to a subscriber station by receiving request from the subscriber station to present at least one video element to the subscriber (*e.g.* Facebook receives a request from a user for presenting video media elements results); selecting a plurality of video media elements for presentation the subscriber station (*e.g.* Facebook video search selects a plurality of video elements); creating a file for use by the subscriber station to create a user interface (*e.g.* Facebook video search presents a viewing area of a user selected video); and transmitting the file to the subscriber station. *See* Ex. B-1, Figs. 1-12.

29.     The Accused Instrumentality infringes claim 2 of the '324 Patent as it performs the method of claim 1 and each of the first plurality of video media elements and the second plurality of video elements are associated with the Web site. *See* Ex. B-1, Figs. 1-12.

30.     The Accused Instrumentality infringes claim 4 of the '324 Patent as it performs the method of claim 1 and wherein receiving the search criteria from the subscriber station comprises receiving a search term and selecting the second plurality of video media elements based upon the search criteria comprises using the search term to select the second plurality of video media elements. *See* Ex. B-1, Figs. 1-12.

31.     As a result of Defendant's infringement of the '324 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

# COUNT III
# INFRINGEMENT OF U.S. PATENT NO. 7,424,523

32.     Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentality) that infringes claims 6, 7, 8, 9, 10, and 11 of the '523 patent.

33.     Upon information and belief, Defendant has been and is now infringing claims 6, 7, 8, 9, 10, and 11 of the '523 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '523 Patent to the injury of Hypermedia.  Defendant is directly infringing, literally infringing, and/or infringing the '523 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '523 Patent pursuant to 35 U.S.C. § 271(a).

34.     The Accused Instrumentality infringes claim 6 of the '523 Patent as it performs a method for navigating a linear Web program by sending data from a remote information node to display, on a display device at a user location, a first media element of the plurality of media elements from the single Website (*e.g.* Facebook video search sends to a user video search results), the first media element having a forward link to a second media element of the linear Web program, and to display a forward link indicator on the display device; receiving a first signal in response to an action of the user indicating an activation of the forward link indicator, and in response to the activation of the forward link indicator, sending data from the remote information node to display on the display device (*e.g.* Facebook providing a forward link to the next media element and displaying the next media element); and receiving a second signal in response to an action of the user indicating an activation of the forward link indicator, and in response to the activation of the forward link indicator, sending data from the remote information node to display on the display device, the third media element of the linear

Web program (*e.g.* Facebook presenting a third media element after receiving a second signal). *See* Ex. C-1, Figs. 1-8.

35. The Accused Instrumentality infringes claim 7 of the '523 Patent as it performs the method of claim 6 and the forward link indicator includes a forward link button. *See* Ex. C-1, Figs. 1-8.

36. The Accused Instrumentality infringes claim 8 of the '523 Patent as it performs the method of claim 6 and the media elements include a series of backward links by sending data from the remote information node causing the display of a backward link on the display device. *See* Ex. C-1, Figs. 1-8.

37. The Accused Instrumentality infringes claim 9 of the '523 Patent as it performs the method of claim 8 and includes second media elements with a backward link to the first media element, whereby receiving a third signal from a user action indicating activation of the backward, and in response to the activation of the backward link from the second webpage being displayed on the device, activating a backward link to the first media element of the linear web program. *See* Ex. C-1, Figs. 1-8.

38. The Accused Instrumentality infringes claim 10 of the '523 Patent as it performs the method of claim 9 and the linear web program includes a plurality of addresses the correspond to the plurality of media elements that are ordered in accordance with a linear sequence. *See* Ex. C-1, Figs. 1-8.

39. The Accused Instrumentality infringes claim 11 of the '523 Patent as it performs the method of claim 6 and also store the linear web program at a remote information node. *See* Ex. C-1, Figs. 1-8.

40. As a result of Defendant's infringement of the '523 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7, 478,144

41. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentality) that infringes claims 40, 44, and 46 of the '144 patent.

42. Upon information and belief, Defendant has been and is now infringing claims 40, 44, and 46 of the '144 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '144 Patent to the injury of Hypermedia. Defendant is directly infringing, literally infringing, and/or infringing the '144 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '144 Patent pursuant to 35 U.S.C. § 271(a).

43. The Accused Instrumentality infringes claim 40 of the '144 Patent as it performs the method of claim 39 and the user interface includes a viewing area in which at least one image of the plurality of found video media elements is presented and a map area in which information regarding some of the plurality of found video media elements is presented. *See* Ex. D-1, Figs. 1-9.

44. The Accused Instrumentality infringes claim 44 of the '144 Patent as it performs a method for performing a search for media elements and for providing the media elements to a subscriber station by receiving a search request from the subscriber station to perform a search for media elements (*e.g.* Facebook receives a search request from a user); searching for media elements

based upon the search request to produce a plurality of found media elements (*e.g.* Facebook searches and produces a plurality of video search results); selecting, from the plurality of found media elements, a first media element; selecting from the plurality of found media elements, a plurality of second media elements (*e.g.* Facebook video search provides a linear result of a first media element along with a plurality of second media elements); and creating a file for use by the subscriber station to create a user interface (*e.g.* Facebook video search creates a return of results in a user interface format). *See* Ex. D-1, Figs. 1-9.

45. The Accused Instrumentality infringes claim 46 of the '144 Patent as it performs the method of claim 44 and the map area of the user interface includes links to the plurality of second media elements. *See* Ex. D-1, Figs. 1-9.

46. As a result of Defendant's infringement of the '144 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,769,830

47. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentality) that infringes claims 1, 2, 3, 4, 12, 15, 16, 18, 19, 24 and 25 of the '830 patent.

48. Upon information and belief, Defendant has been and is now infringing claims 1, 2, 3, 4, 12, 15, 16, 18, 19, 24 and 25 of the '830 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '830 Patent to the injury of Hypermedia. Defendant is directly infringing, literally infringing,

and/or infringing the '830 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '830 Patent pursuant to 35 U.S.C. § 271(a).

49. The Accused Instrumentality infringes claim 1 of the '830 Patent as it performs a method for operating at least one web server to present video media elements to a subscriber station by receiving a web page request from the subscriber station (e.g. the Facebook server receives a request from a user); in response to receiving the web page request, the at least one web server creating at least one web page for use by a browser of the subscriber station to produce a user interface at the subscriber station that includes a viewing area and a map area (e.g. Facebook generates a response viewable by a user that includes a viewing area and a map area); and responding to the web page request by the at least one web server by initiating download of the at least one web page to the subscriber station . *See* Ex. E-1, Figs. 1-10.

50. The Accused Instrumentality infringes claim 2 of the '830 Patent as it performs the method of claim 1 and receiving the web page request from the subscriber station includes the at least one web server receiving a search criteria and the at least one web server selecting the first video media element and the plurality of second video media elements based upon the search criteria (e.g. Facebook selects videos based on the search term). *See* Ex. E-1, Figs. 1-10.

51. The Accused Instrumentality infringes claim 3 of the '830 Patent as it performs the method of claim 1 and further receives a search criteria by the at least one web server from the subscriber station and selects the first video media element and the plurality of second video media elements by the at least one web server based upon the search criteria. *See* Ex. E-1, Figs. 1-10.

52. The Accused Instrumentality infringes claim 4 of the '830 Patent as it performs the method of claim 1 and receives a selection from the subscriber station of one of the plurality of second

video media elements for display in the viewing area by the at least one web server. *See* Ex. E-1, Figs. 1-10.

53. The Accused Instrumentality infringes claim 12 of the '830 Patent as it performs the method of claim 1 and at least some icons of the map area convey subjects corresponding to second video media elements. *See* Ex. E-1, Figs. 1-10.

54. The Accused Instrumentality infringes claim 15 of the '830 Patent as it performs a method for presenting video media elements to a subscriber station by at least one web server by creating at least one web page by the at least one web server for use by a browser of the subscriber station to produce a user interface at the subscriber station that includes a viewing area in which a first video media element is presented and a map area in which a plurality of icons are presented (*e.g.* Facebook creates a web page for use by the subscriber station), each icon representative of a corresponding one of a plurality of second video media elements; receiving a web page request from the subscriber station; and responding to the web page request by initiating download of the at least one web page to the subscriber station. *See* Ex. E-1, Figs. 1-10.

55. The Accused Instrumentality infringes claim 16 of the '830 Patent as it performs the method of claim 15 and the plurality of video media elements are selected by the web server after receipt of the web page request from the subscriber station. *See* Ex. E-1, Figs. 1-10.

56. The Accused Instrumentality infringes claim 18 of the '830 Patent as it performs the method of claim 15 and further receives a search criteria and selects the first video media element and the plurality of second video media elements by based upon the search criteria (*e.g.* Facebook selects videos based on a search term). *See* Ex. E-1, Figs. 1-10.

14

ORIGINAL COMPLAINT
4:17-CV-5358

57. The Accused Instrumentality infringes claim 19 of the '830 Patent as it performs the method of claim 15 and further receives a selection from the subscriber station of the plurality of second video media elements for displaying in the viewing area. *See* Ex. E-1, Figs. 1-10.

58. The Accused Instrumentality infringes claim 24 of the '830 Patent as it performs the method of claim 15 and at least some icons of the map area convey subjects of corresponding second video media elements. *See* Ex. E-1, Figs. 1-10.

59. The Accused Instrumentality infringes claim 25 of the '830 Patent as it performs the method of claim 15 and the plurality of video media elements for presentation to the subscriber station resides on a common Web site. *See* Ex. E-1, Figs. 1-10.

60. As a result of Defendant's infringement of the '830 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 8,250,173

61. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentality) that infringes claims 15, 16, 20, 24, and 25 of the '173 patent.

62. Upon information and belief, Defendant has been and is now infringing claims 15, 16, 20, 24, and 25 of the '173 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '173 Patent to the injury of Hypermedia. Defendant is directly infringing, literally infringing, and/or infringing the

'173 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '173 Patent pursuant to 35 U.S.C. § 271(a).

63. The Accused Instrumentality infringes claim 15 of the '173 Patent as it performs a method for presenting video media elements to a subscriber station by at least one web server by receiving a web page request from the subscriber station that includes a search criteria (*e.g.* the Facebook Video search receives a web page request that includes a search criteria); retrieving a plurality of video media elements based upon the search criteria; creating at least one web page by the at least one web server for use by a browser of the subscriber station to produce a user interface (*e.g.* Facebook generates a response viewable by a user that includes a viewing area and a map area); and responding to the web page request by the at least one web server by initiating download of the at least one web page to the subscriber station . *See* Ex. F-1, Figs. 1-11.

64. The Accused Instrumentality infringes claim 16 of the '173 Patent as it performs the method of claim 15 and further receives a selection from the subscriber station of a corresponding video media element and services the selection by causing presentation of the corresponding video media element on the subscriber station. *See* Ex. F-1, Figs. 1-11.

65. The Accused Instrumentality infringes claim 20 of the '173 Patent as it performs the method of claim 15 and further receives a selection from the subscriber station of one of the selected one of the plurality of second video media elements and services the selection by causing presentation of the selected one of the plurality of second video media elements on the subscriber station. *See* Ex. F-1, Figs. 1-11.

66. The Accused Instrumentality infringes claim 24 of the '173 Patent as it performs the method of claim 15 and at least some icons of the map area convey subjects of corresponding video media elements. *See* Ex. F-1, Figs. 1-11.

67. The Accused Instrumentality infringes claim 25 of the '173 Patent as it performs the method of claim 15 and the plurality of video media elements for presentation to the subscriber station resides on a common Web site. *See* Ex. F-1, Figs. 1-11.

68. As a result of Defendant's infringement of the '173 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 9,083,672

69. Defendant directly or through its intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Accused Instrumentality) that infringes claims 14, 15, 16, 17, 18, and 19 of the '672 patent.

70. Upon information and belief, Defendant has been and is now infringing claim 14, 15, 16, 17, 18, and 19 of the '672 Patent in the State of California, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling and/or offering for sale the Accused Instrumentality, covered by one or more claims of the '672 Patent to the injury of Hypermedia. Defendant is directly infringing, literally infringing, and/or infringing the '672 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '672 Patent pursuant to 35 U.S.C. § 271(a).

71. The Accused Instrumentality infringes claim 14 of the '672 Patent as it performs a method for presenting a linear program of video elements by displaying a plurality of indicators in a map area of a display screen (e.g. Facebook Video Search displays a plurality of potential videos in a map area); displaying a forward link indicator corresponding to a next program element of the linear program of video elements (e.g. Facebook Video Search provides a forward link tied to a next video);

selecting the next program element of the linear program of video elements in response to a user selection of the forward link indicator; and displaying the selected next program element in a viewing area of the display screen, wherein the video elements are stored on a server. *See* Ex. G-1, Figs. 1-7.

72. The Accused Instrumentality infringes claim 15 of the '672 Patent as it performs the method of claim 14 and in response to a user selection of one of the plurality of indicators, selecting a selected video element corresponding to one of the first, second, or third video element. *See* Ex. G-1, Figs. 1-8.

73. The Accused Instrumentality further infringe claim 16 of the '672 Patent as it performs the method of claim 14 and in response to user selection of one of the plurality of indicators, highlights the corresponding on of the first, second, or third video element. *See* Ex. G-1, Figs. 1-8.

74. The Accused Instrumentality further infringe claim 17 of the '672 Patent as it performs the method of claim 14 and displays a backward link indicator corresponding to a previous program element of a linear program of video elements. *See* Ex. G-1, Figs. 1-8.

75. The Accused Instrumentality further infringe claim 18 of the '672 Patent as it performs the method of claim 14 and displays the linear program of video elements to a subscriber station at a user location over the internet. *See* Ex. G-1, Figs. 1-8.

76. The Accused Instrumentality further infringe claim 19 of the '672 Patent as it performs the method of claim 14 and receives a user search request and generates the linear program of video elements in response to a user search request. *See* Ex. G-1, Figs. 1-8.

77. As a result of Defendant's infringement of the '672 Patent, Hypermedia has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## JURY DEMAND

Hypermedia, under Rule 38 of the Federal Rules of Civil Procedure, hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Hypermedia requests that the Court find in their favor and against Defendant, and that the Court grant Hypermedia the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant accounts for and pay to Hypermedia all damages and costs incurred by Hypermedia, caused by Defendant's infringing activities and other conduct complained of herein;

c. That Hypermedia be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That this Court declare this an exceptional case and award Hypermedia reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e. That Hypermedia be granted such other and further relief as the Court may deem just and proper under the circumstances.

LOWE | LEFAN

Dated: September 18, 2017

By: __/s/ Kris LeFan_____
KRIS LEFAN

**Attorney for Plaintiff Hypermedia Navigation LLC**

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury or any issues so triable by right.

LOWE | LEFAN

Dated:  September 18, 2017                              By:  __/s/ Kris LeFan_____
                                                                          KRIS LEFAN

                                                                          **Attorney for Plaintiff**
                                                                          **Hypermedia Navigation LLC**