| | |
|---|---|
| Lowe \| LeFan<br>Kris S. LeFan SBN 278611<br>kris@lowelaw.com<br>8383 Wilshire Suite #1038<br>Beverly Hills, CA 90211<br>Telephone: (310) 477-5811<br>Facsimile: (310) 477-7672<br><br>NI, WANG & MASSAND, PLLC<br>Hao Ni (pro hac vice)<br>hni@nilawfirm.com<br>8140 Walnut Hill Lane, Suite 500<br>Dallas, TX 75231<br>Telephone: (972) 331-4600<br>Facsimile: (972) 314-0900<br>Attorneys for Plaintiff<br>HYPERMEDIA NAVIGATION LLC | COOLEY LLP<br>HEIDI L. KEEFE (178960)<br>(hkeefe@cooley.com)<br>MARK R. WEINSTEIN (193043)<br>(mweinstein@cooley.com)<br>LOWELL D. MEAD (223989)<br>(lmead@cooley.com)<br>DANIEL J. KNAUSS (267414)<br>(dknauss@cooley.com)<br>AZADEH MORRISON (311046)<br>(amorrison@cooley.com)<br>3175 Hanover Street<br>Palo Alto, CA 94304-1130<br>Telephone: (650) 843-5000<br>Facsimile: (650) 849-7400<br>Attorneys for Defendant<br>FACEBOOK, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| HYPERMEDIA NAVIGATION LLC,<br><br>      Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>      Defendant. | Case No. 4:17-cv-05383-HSG<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

1.  This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2.  This Order may be modified in the Court's discretion or by stipulation. If a party wishes to modify this agreement but the parties do not agree to the proposed modifications, the parties shall jointly submit their competing proposals and a summary of the dispute.

3.  As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4.  A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations, but nothing in this order shall affect a producing party's right to seek reimbursement for costs associated with collection, review, and/or production of ESI.

5.  Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). The parties have agreed that emails will not be searched or produced. (Dkt. No. 30).

7.  The parties shall not be required to suspend automated deletion that is associated with electronic databases, server log files, or backup or disaster recovery systems. With respect to web pages, the parties need only make good faith efforts to preserve the source code responsible for responsible for the dynamic generation of such pages, not the actual content(s) of such pages.

8.  Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    a.  General Document Image Format. ESI shall be produced electronically,

either in native format or as single page, uniquely and sequentially numbered TIFF image files no less than 300 dpi resolution to enable the generation of searchable text using Optical Character Recognition ("OCR"). Where text may be extracted when the TIFF image file is generated, the image file shall be accompanied by a text file containing the extracted text. The text files shall be named to match the endorsed number assigned to the image of the first page of the document. The Producing Party shall apply an OCR process to produced image and text files to generate text searchable files. The images and text files shall also be accompanied by image cross-reference load files in the formats reasonably requested by each party providing the beginning and ending endorsed number of each document and the number of pages it comprises. The Producing Party shall also provide a data load file ("Data Load File") corresponding to the TIFF image files and the full text files. Data Load Files will be provided in Relativity style (.opt and .dat) format or in the format requested by each Party. Unless specifically required, documents produced prior to the entry of this order do not need to be reproduced to meet the requirements in this section.

b. **Production Numbers.** Each document image shall contain a footer with a sequentially ascending production number, provided that, if a footer would obstruct any information on the document image, the sequentially ascending production number may be affixed to an alternative location on the document image.

c. **Production Media.** Subject to the terms of the Protective Order in this case, documents shall be produced by electronic file sharing technologies such as FTP or on external hard drives, readily accessible computer(s) or electronic media such as CDs, DVDs USB drives ("Production Media"); and production by email is acceptable provided that the receiving party's designated email address for accepting service of the production is used, and the producing party has not received any error or return message indicating that the service email was not received or sent successfully. Each piece of production media should identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

d. **Unitizing Of Documents.** Distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents

1   should be logically unitized). The parties will use reasonable efforts to unitize documents correctly.

2           e.      Native Files. A party is not required to produce the same ESI in more than
3   one format. After initial production of electronic documents in electronic file format has occurred,
4   a party may request that specific documents or file types be produced in native format by specifically
5   identifying to the producing party the Bates number of the document sought and the basis for the
6   request for production in native format. The parties should then meet and confer in good faith to
7   determine whether production in an alternative format is necessary. A party shall not make unduly
8   burdensome and unreasonable requests for production of documents in native format, and a party
9   shall not unreasonably refuse a request for the production of documents in native format.

10          f.      No Backup Restoration Required. Absent a showing of good cause, no party
11  need restore any form of media upon which backup data is maintained in a party's normal or allowed
12  processes, including but not limited to automated disaster recovery backup systems, backup tapes,
13  disks, SAN, RAM or temporary files, history, cache, cookies, server, system, or network logs, and
14  other forms of media, to comply with its discovery obligations in the present case.

15          g.      Duplicate Documents. If copies of a responsive document are stored at more
16  than one location within a party's possession, custody, or control, the producing party shall not be
17  required to search for or produce more than one such copy of the responsive document absent a
18  showing of good cause that the production of such additional copies is necessary. With respect to
19  documents that automatically save, only the most recent version of such documents existing at the
20  time of collection need be searched.

21          h.      Source Code. To the extent relevant to the litigation, source code will be
22  made available for inspection pursuant to the terms of the Protective Order.

23      9.  Pursuant to Fed. R. Evid. 502(d) and (e), the production of a privileged or work
24  product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or
25  protection from discovery in the pending case or in any other federal or state proceeding. Disclosures
26  among defendants' attorneys of work product or other communications relating to issues of common
27  interest shall not affect or be deemed a waiver of any applicable privilege or protection from
28  disclosure. For example, the mere production of privileged or work-product-protected documents

in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. Information that contains privileged matter or attorney work product shall be returned immediately or destroyed if such information appears on its face to have been inadvertently produced, or if requested. The receiving party must return, sequester, or destroy ESI that the producing party claims is privileged or work product protected as provided in Rule 26(b)(5)(B) and may use such ESI only to challenge the claim of privilege or protection.

10. No Party is required to identify on its respective privilege log any document or communication dated after the filing of the Complaint. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

11. All produced documents and materials must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under the Protective Order in this case.

12. The parties may use keyword searches to assist in identifying relevant, non-privileged ESI responsive to requests for production. The parties shall not be required to search for or preserve information stored at locations that are inaccessible or accessible only through extraordinary measures, including backup systems/tapes, disaster recovery systems, residual, deleted, fragmented, damaged or temporary data, and/or encrypted data where the key or password cannot be ascertained after reasonable efforts. Absent a showing of good cause, voicemails, instant messaging systems, personal digital assistants, mobile phones, and social media are deemed not reasonably accessible and need not be collected and preserved.

13. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

14. Except as expressly stated, nothing in this Order affects the parties' discovery obligations under the Federal or Local Rules.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

STIP & PROPOSED ORDER RE DISCOVERY OF ESI
4:17-CV-05383-HSG

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: July 24, 2018             NI, WANG & MASSAND, PLLC

　　　　　　　　　　　　　　　　　　　/s/ *Hao Ni*
　　　　　　　　　　　　　　　　　　　Hao Ni
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　HYPERMEDIA NAVIGATION LLC

Dated: July 24, 2018             COOLEY LLP

　　　　　　　　　　　　　　　　　　　/s/ *Heidi H. Keefe*
　　　　　　　　　　　　　　　　　　　Heidi L. Keefe
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　FACEBOOK, INC.

### FILER'S ATTESTATION

Pursuant to Civil Local Rules 5.1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories above.

Dated: July 24, 2018             COOLEY LLP

　　　　　　　　　　　　　　　　　　　/s/ *Heidi H. Keefe*/
　　　　　　　　　　　　　　　　　　　Heidi L. Keefe
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　FACEBOOK, INC.

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 8/6/2018

　　　　　　　　　　　　　　　　　　　Hon. Haywood S. Gilliam, Jr.
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT